208 A.2d 392.

BERNARD FOURNIER *vs.* UNITED TRANSIT COMPANY.

MARCH 25, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is an action of trespass on the case for negligence that was tried in the superior court to a jury and resulted in a disagreement. At the conclusion of the evidence the defendant had moved for a directed verdict. In accordance with rule 46 of the rules of the superior court the trial justice reserved decision thereon until after the jury reported their disagreement whereupon he denied the motion and the defendant excepted thereto. The case is here on its bill of 26 exceptions but only the above exception is being pressed.

The plaintiff did not object when the bill of exceptions was presented to the trial justice for allowance nor did he object when the case was docketed and assigned for hearing in this court. Nevertheless we must now sua sponte hold that the bill of exceptions does not comply with the statute providing for appellate review in this court. Under

G. L. 1956, §9-24-17, any person who has taken exception may prosecute a bill of exceptions seven days after verdict or notice of decision where trial was had without a jury. In *Metcalf* v. *Interstate Transit Corp.*, 61 R. I. 486, we held that this statute "makes procedure by a bill of exceptions available to a litigant only if begun within seven days after a verdict or a final decision has been rendered against him. A disagreement by a jury is neither a verdict nor a final decision, and therefore this chapter does not permit procedure by bill of exceptions to be begun, within the time limited, after such disagreement".

We have heretofore held that the right of review by bill of exceptions and the manner of its exercise are statutory in origin and jurisdictional. *Worthington* v. *Shewcov*, 89 R. I. 169. This being so, we are without power to entertain such a bill unless it complies with the requirement of the statute. Since the defect in that respect in the instant bill of exceptions has come to our notice, we are bound to deny review thereunder.

For the reason above stated the bill of exceptions is dismissed, and the case is remitted to the superior court for further proceedings.

*William G. Gilroy, Thomas H. Needham*, for plaintiff.

*McGee, Gifford and Giannini, Frank J. McGee,* for defendant.